(No. 12875.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED JONES, Plaintiff in Error.

*Opinion filed December 17, 1919—Rehearing denied Feb. 4, 1920.*

· 1. CRIMINAL LAW—*what is a sufficient showing as to organization of court.* The fact that the court was legally constituted or organized sufficiently appears in a criminal case where the record shows that the indictment was returned in open court on one of the days of the term shown by the record to have been opened and properly constituted or organized on a previous day of the term, and it is not necessary, where apt reference is made to said term, that the record show the presence of all the necessary officers of the court on the day the indictment was returned.

2. SAME—*when fact of misjoinder of counts cannot be taken advantage of.* Even though counts charging distinct offenses are joined with a count for rape, if the defendant pleads to the indictment without making a motion to quash or to require the State to elect on which count it will proceed, he cannot, after being convicted on the count for rape, take advantage of the misjoinder.

3. SAME—*in absence of a motion the court is not obliged to require State to elect.* In the absence of a motion by the defendant the court is not obliged to require the State to elect upon which count of an indictment it will seek a conviction.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

SHEADRICK B. TURNER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes to this court on writ of error to the criminal court of Cook county, in which plaintiff in error was convicted of rape and sentenced to life imprisonment.

No evidence is preserved by bill of exceptions, and plaintiff in error relies on errors presented by the common law

record to reverse the judgment and sentence of the trial court.

On the 23d day of January, 1919, an indictment was returned by the grand jury of Cook county against the plaintiff in error containing seven counts. The first count charges plaintiff in error with the offense of crime against nature. The second charges the plaintiff in error with buggery. The third, fourth and fifth charge the crime of rape. The sixth charges taking indecent liberties with a child, and the seventh charges contributing to the delinquency of a minor female person. After conviction of plaintiff in error by the jury, motions for new trial and in arrest of judgment were made, overruled and exceptions preserved.

It is contended by the plaintiff in error that the record does not show that at the time of the return of the indictment into open court, on January 23, 1919, the court was legally constituted or organized for the transaction of legal business; that the indictment contains counts for distinct offenses, and that the trial court erred in not requiring the State to elect the counts on which conviction should be had.

The rule in this class of cases is that the record must show how the court which heard the cause was organized. (*Swartzbaugh* v. *People,* 85 Ill. 457.) An examination of the record in this case shows that it contains a placita in regular form showing the convening of the court on the 6th day of January, 1919, for the January term, and recites the presence of the judge, State's attorney, sheriff and clerk, naming each of them. Following the entries made on that day the record recites: "And afterwards, to-wit, on the 23d day of January, in the year last aforesaid, it being the term of court aforesaid, the following among other proceedings were had and entered of record in said court, which said proceedings are in words and figures following, to-wit: The grand jurors came into open court and made a presentment indorsed a true bill in the follow-

ing entitled cause, to-wit: The People of the State of Illinois *vs.* Fred Jones, indictment for rape," etc. While it is necessary that the record show that the indictment was returned in open court, .(*People* v. *Dennis,* 246 Ill. 559,) the record in this case shows that the indictment herein was returned in open court on one of the days of the term shown by the record to have been opened on January 6 and properly constituted.

It is urged that the record should show the presence on January 23,—the day on which the indictment was returned,—of all of the officers of the court necessary to the proper organization thereof. As the record for that day makes apt reference to the court as organized on January 6, as shown by the placita, we are of the opinion that the record is sufficient.

It is also urged that the judgment was void on the ground that the indictment was double, in that it contained charges for separate offenses. It is the rule that separate and distinct offenses may not be charged in the same indictment unless such separate offenses grow out of the same transaction. (*People* v. *Dougherty,* 246 Ill. 458; *Campbell* v. *People,* 109 id. 565; *Parker* v. *People,* 97 id. 32.) In this case, however, there was no motion to quash the indictment or to require the State to elect the counts upon which conviction would be sought. Even though an indictment be double, advantage of that defect cannot be taken by motion in arrest of judgment. Nor is the court required to compel the State to elect the count or counts upon which conviction is to be sought, in the absence of a motion to that effect on the part of the defendant. Where, as in this case, the defendant is content to plead to the indictment as it stands, without a motion to quash or to compel election, he cannot take advantage of a misjoinder of counts on a motion in arrest of judgment. *People* v. *Kingcannon,* 276 Ill. 251.

In this case the defendant was found guilty of the charge of rape. There is therefore no doubt, on the record, as to what the judgment should be in the case.

The record contains no reversible error, and the judgment will therefore be affirmed.    *Judgment affirmed.*