THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT KEY, Defendant-Appellant.—(GEORGE NEWBERG, Defendant.)

(No. 74-149; ▆▆▆▆▆▆▆▆)

Third District—May 30, 1975.

Zeitlin and Schwab, of Chicago, for appellant.

Martin Rudman, State's Attorney, of Joliet, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Robert Key appeals from convictions for theft following pleas of guilty and from the ensuing concurrent sentences of from 2 to 6 years in the penitentiary. Key was indicted on three counts of grand theft in Will County relating to the purchase and sale of stolen automobiles. He pleaded guilty to all three counts and to an additional information charging theft. His sentences involved concurrent terms of 2 to 6 years.

On appeal in this court, defendant contends (1) that he has been denied due process of law because of a lack of a transcript of all proceedings in the case; (2) that the plea of guilty is insufficient to establish a connection between the acts committed and the intent required to commit the crime charged; and (3) that the indictment was fatally defective in charging disassociated felonies together.

The first contention with respect to the lack of a transcript apparently was based on the original record filed in the cause which did not include a verbatim transcript of the hearing at the time the pleas of guilty were accepted. A supplemental report of proceedings, however, was filed by order of this court, and it supplies the requisite transcript so that this issue is actually moot. The report of proceedings had been pre-

pared separately from the other documents which were contained in the common-law record, and all of such record and the report of proceedings are before this court for the purpose of review. The report of proceedings discloses that defendant was thoroughly admonished by the trial court in accordance with Supreme Court Rule 402 and that he was also properly admonished prior to waiving indictment on the fourth count in accordance with Supreme Court Rule 401 (Ill. Rev. Stat. 1973, ch. 110A, §§ 401 and 402). Defendant was represented by counsel throughout the plea hearings.

The second issue which was raised by defendant asserts that the court failed to determine that there was a factual basis for the charges in accordance with Supreme Court Rule 402(c) (Ill. Rev. Stat. 1973, ch. 110A, § 402(c)). Defendant Key contends that this is a violation of the rule and that the factual basis should have been determined before judgment. He also asserts that the element of intent was not shown.

The record shows the following discussion between the trial court and the defendant:

"THE COURT: Mr. Key, I would like to determine that your plea would have some basis in fact. Now, there's this 1972 automobile of—Pontiac automobile of Ruth Rotheimer and Peter Rehbein. What connection did you have with that automobile?

DEFENDANT KEY: Well, I bought the car knowing it was stolen.

THE COURT: You had the same information that Mr. Newberg had?

DEFENDANT KEY: Yes, sir.

THE COURT: You knew it was a stolen car and you purchased it for resale. Is that what you purchased it for?

DEFENDANT KEY: Yes, sir.

THE COURT: Intending to resell it?

DEFENDANT KEY: Yes, sir.

THE COURT: And this 1970 Volkswagen for Richard Bothie?

DEFENDANT KEY: Yes, sir, I knew it was a stolen car.

THE COURT: You knew it was a stolen car and you purchased it?

DEFENDANT KEY: Yes, sir.

THE COURT: And then there was a 1968 Chrysler of Dorothy Wilk?

DEFENDANT KEY: I knew it was stolen, the same thing.

THE COURT: And then this last automobile of John Drabick, a 1967 Volkswagen?

DEFENDANT KEY: The same thing."

■■ It was shown in the record that defendant admitted buying a total of three cars with the knowledge that they were stolen. The requisite element of intent is obviously shown as a result of the colloquy between the trial court and the defendant. It was clear that defendant intended to deprive the owner permanently of the use of the property. (Ill. Rev. Stat. 1973, ch. 38, § 16—1.) The essential element of intent is, therefore, clearly to be inferred from the circumstances as shown in the record. (*People v. Johnson,* 28 Ill.2d 441, 443, 192 N.E.2d 864.) It is clear from the testimony of the defendant and the record as a whole that there was a factual basis for the charge in compliance with Supreme Court Rule 402(c).

■■ In the final issue raised by defendant, defendant attacks the Indictment as charging him, in one indictment, with what he contends are totally disassociated crimes. Indictments may charge different offenses in separate counts if the crimes are "based on the same act or on 2 or more acts which are part of the same comprehensive transaction." (Ill. Rev. Stat. 1973, ch. 38, § 111—4(a).) In the instant case, the respective counts of theft related to stolen vehicles found on land leased by defendant. There was a codefendant involved. The crimes were charged as occurring on the same date. We believe it is clear that several counts of theft were part of the same general transaction, plan, or scheme. The offenses could, therefore, be charged in one indictment. (*People v. Lombardi,* 13 Ill.App.3d 754, 759, 301 N.E.2d 70.) In any event, defendant waived this issue by not raising it at the trial level and by pleading guilty. The joinder rule in section 111—4(a) was designed to protect an accused against being forced to trial on several unrelated charges, by reason of the prejudicial effect of such multiple unrelated accusations. (See *People v. Woods,* 23 Ill.2d 471, 179 N.E.2d 11.) It is also well settled that a plea of guilty waives formal defects in the indictment (*People v. Campbell,* 40 Ill.2d 463, 240 N.E.2d 635; *People v. Reed,* 33 Ill.2d 535, 213 N.E.2d 278). It is likewise clear from the record that defendant did not raise such objections at the trial level, and, as the court observed in *People v. Day,* 404 Ill. 268, 270, 88 N.E.2d 727:

> "* * * objections to an indictment which go merely to form, and not to the real merits of the offense charged, are waived if not raised on a motion to quash."

For the reasons stated, it is obvious that there is no reversible error in this cause. The judgment of the Circuit Court of Will County is, therefore, affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.