THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ROBERT L. POWELL, Defendant-Appellee.

Third District   No. 76-173

Opinion filed November 24, 1976.

Michael M. Mihm, State's Attorney, of Peoria, for the People.

Stephen Elman, Assistant Public Defender, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Peoria County granting the defendant Robert Powell's motion for discharge from custody on the grounds that he was not brought to trial within the 120-day rule (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)) and that he was denied his constitutional right to a speedy trial.

The factual situation which preceded the trial court's order is as follows. On July 9, 1973, the defendant was arrested in Peoria County on a complaint for the offense of armed robbery which had occurred in that county. On July 10, 1973, a parole violation detainer was placed against the defendant with the Peoria County jail officials. Sometime thereafter the July 9 complaint against the defendant was dismissed with leave to reinstate. Pursuant to the parole violation detainer the defendant was taken from the Peoria County jail to Joliet in Will County for a hearing on his alleged parole violation. A hearing was had in the latter part of August or the first part of September, 1973, after which the defendant's parole was revoked and he was sent to the Menard branch of the Illinois Department of Corrections. On April 26, 1974, the defendant escaped

from Menard prison but was recaptured within a matter of hours. On May 30, 1974, the defendant pleaded guilty to the escape charge and was sentenced to a term of not less than 1 year nor more than 2½ years' imprisonment and this sentence was to run consecutively with the sentence he was already serving.

While some of these events were transpiring the Peoria County grand jury on March 21, 1974, returned indictments against the defendant charging him with the offenses of armed robbery and theft, and a warrant was issued for his arrest.

The defendant was released on parole from Menard prison on December 5, 1975. The outstanding arrest warrant against the defendant was not discovered by the Peoria County authorities until January 1, 1976, when the defendant was arrested by them on an unrelated misdemeanor charge.

On February 20, 1976, counsel for defendant filed the motion for discharge which we have previously referred to and the same being granted this appeal ensued.

The State as appellant raises two issues, the first being whether the statutory 120-day rule (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)) begins to run when the State's Attorney's office has no knowledge of the whereabouts of the defendant.

The statutory provision with which we are concerned provides:

> "(a) Every person in custody in this state for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a).)

The fact that the defendant was incarcerated in Menard penitentiary did not divest the Peoria County State's Attorney's office from prosecuting the defendant within the statutory 120-day period for the offense of armed robbery. (See *People v. Gray*, 83 Ill. App. 2d 262, 227 N.E.2d 159; *People v. Patheal*, 27 Ill. 2d 269, 189 N.E.2d 309.) The defendant even though imprisoned as a parole violator was nevertheless within the jurisdiction of the Peoria County Circuit Court and the burden was on the People to take the necessary steps to bring about a prompt trial. See *People v. Bryarly*, 23 Ill. 2d 313, 178 N.E.2d 326.

In the instant case the People claim that the State's Attorney's office had no knowledge as to the whereabouts of the defendant and hence the statutory 120-day speedy trial rule was tolled until such time as the defendant's whereabouts became known. We accept the People's statement that they did not know where the defendant was, but based upon the record in this case the People should have known. The defendant was arrested in Peoria County on July 9, 1973, and on the following day a parole violator's detainer was placed against the

defendant. Pursuant to such detainer the defendant was removed from Peoria County and subsequently imprisoned for parole violation. We are aware of the heavy work load which is to be found in the State's Attorney's offices of our State and especially such as is found in a metropolitan area such as Peoria County; however, that county had custody of the defendant, and released him from custody pursuant to a parole violation detainer. The burden was on the prosecuting authorities of Peoria County to keep track of and if necessary trace the whereabouts of the defendant so as to provide him with a prompt trial. (*People v. Hannah* (1975), 31 Ill. App. 3d 1087, 337 N.E.2d 84.) The record before us is devoid of any indication that the People took any action to check with the Department of Corrections or the Parole and Pardon Board in order to learn where the defendant was incarcerated.

The People cite the case of *People v. Nettles* (1969), 107 Ill. App. 2d 143, 246 N.E.2d 29, as authority for the proposition that the 120-day rule does not begin to run when the State's Attorney's office has no knowledge as to the whereabouts of the defendant. We find that the *Nettles* case is distinguishable from the case now before us in that in *Nettles* the County of Iroquois never had custody of the defendant and therefore had no way of knowing that he was incarcerated in the Champaign County jail until an accomplice of the defendant implicated him in a burglary offense committed in Iroquois County. In *Nettles* the People had no knowledge as to where the defendant was incarcerated or any reason to believe or know that he was in fact incarcerated in another county. Such is not the factual situation in the instant case, since the authorities in Peoria County had records which could have enabled them to trace the defendant and learn of his whereabouts.

The defendant also raises the issue that he was denied his constitutional right to a speedy trial. The 120-day rule (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)) was enacted to implement the constitutional rights of a defendant to a speedy trial. Having determined that this statutory provision was violated it is not necessary nor would any useful purpose be served in directing our attention to this second issue.

For the reasons set forth the judgment of the trial court of Peoria County which granted the defendant's motion for discharge from custody is hereby affirmed.

Judgment affirmed.

STOUDER, P. J., and STENGEL, J., concur.