THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY VAN DeVEIRE, Defendant-Appellant.

Third District    No. 76-352

Opinion filed April 13, 1977.

STOUDER, J., concurring in part and dissenting in part.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Larry Van DeVeire appeals from convictions and sentences on two felony counts of theft. The indictment charged him with two counts of theft of property having a value of $150. Following a jury trial ending in verdicts of guilty as to the charges, defendant was sentenced to concurrent terms of 2 to 6 years in prison.

On appeal in this court defendant alleges that the trial court committed reversible error in (1) denying defendant's motion to quash the indictment on the ground that the counts alleged in the indictment were misjoined in violation of section 111—4 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—4), and (2) denying defendant's motion to quash the second count of the indictment on the ground that the count impermissibly alleged theft of property from two owners.

During the week prior to October 1, 1975, James Suggs informed defendant Van DeVeire that he knew of an automobile which they should take. Defendant responded that it sounded like a good idea. On October 1, 1975, John Johnson, an employee of the Bert M. Lafferty Company, was in possession of a 1975 Ford LTD, owned by the Lafferty Company. On the evening of October 1, 1975, Johnson drove the automobile to a meeting in Rock Island and, as was his custom, left the keys to the car under the mat of the car while he attended the meeting. When he left the meeting, Johnson discovered that the car was missing.

At about 8 p.m. on October 1, 1975, defendant Van DeVeire and his wife were sitting in an automobile awaiting Suggs, when Suggs came in a 1975 Ford LTD. Defendant and his wife followed Suggs to a field near Illinois City, where various items, including a calculator, a case of paint, camp stools, and the wheels and tires, were removed from the Ford LTD and placed in defendant's automobile. The items removed from the Ford, with the exception of the calculator, were transferred to an old school bus owned by Suggs. The calculator was retained by defendant's wife.

On October 2, 1975, defendant drove Suggs' school bus to Rock Island, Illinois. On October 3, 1975, a Rock Island police officer observed, by looking into the bus, some of the items which had been removed from the Ford LTD. Later that same day, police officers saw defendant and another man remove items from the bus and load them into an automobile. When the car left, the officers followed and stopped the car, which was driven by the defendant. Except for the calculator, all of the items taken from the Ford LTD were discovered during the ensuing search of defendant's car, which was made with defendant's consent.

On December 11, 1975, the grand jury of Rock Island County returned an indictment charging defendant and James Suggs, as co-defendants,

with two counts of theft. The first count of the indictment charged that defendant and Suggs had, on October 1, 1975, committed theft by exerting unauthorized control over the 1975 Ford LTD, property of Lafferty Company, having a value in excess of $150. The second count charged that defendant and Suggs had, on October 7, 1975, committed theft by exerting unauthorized control over certain property of the Lafferty Company and Johnson, having a total value in excess of $150. The second count of the indictment was amended on March 29, 1976, to change the date of the alleged offense to October 3, 1975. In a separate proceeding, Suggs pleaded guilty to the offenses.

In the jury trial of the defendant following the selection and swearing in of the jury, the defense orally moved to quash the indictment. The grounds urged in support of defendant's motion included, among others, that the two counts of the indictment were improperly joined and that the second count of the indictment improperly combined the property of two individuals. At that time, the trial court denied defendant's oral motion with respect to certain matters and took the matters of improper joinder of counts and improper combination of property within the second count under advisement, subject to the filing of a written motion by the defendant.

The State then proceeded to present the evidence concerning the events of October 1 through October 3, 1975. The evidence for the State included testimony that the tires and paint, owned by Lafferty and taken from the Ford LTD, were worth in excess of $150. At the close of the State's evidence, defendant's motion to quash the indictment was renewed in the form of a written motion. After hearing arguments by counsel, the trial court denied the motion. The defense then presented evidence on behalf of the defendant who did not testify.

After all of the evidence had been completed, the State moved, pursuant to section 111—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—5), to delete from the second count of the indictment all language referring to Johnson's property. This motion was allowed and the State relied in the second count only as to property owned by Lafferty. Subsequently, the jury returned a verdict finding defendant guilty of theft on both counts of the indictment.

■■ On appeal in this court defendant first contends that the indictment impermissibly joined two distinct offenses. As stated in *People v. Bricker* (4th Dist. 1974), 23 Ill. App. 3d 394, 396, 319 N.E.2d 255:

> "It is axiomatic that a defendant may not be placed on trial, over his timely objection, on an indictment charging separate offenses when it appears these offenses are not part of one and the same transaction, but are 'separate and distinct both in law and fact.

[Citations.] A defendant cannot be forced to trial on disassociated felonies.' *People v. Fleming*, 121 Ill. App. 2d 97, 102, 257 N.E.2d 271, 273." 271, 273."

Prior to the *Bricker* case, the court in *People v. Mowen* (1st Dist. 1969), 109 Ill. App. 2d 62, 70, 248 N.E.2d 685, held that:

"* * * it has long been the law that a defendant waives his right to complain that he was prejudiced by a misjoinder of counts if he fails to raise the point in a motion to quash prior to trial. People v. Stilson, 342 Ill. 158, 174 NE 45; People v. Jones, 291 Ill. 52, 125 NE 711; * * *."

More recently, the appellate court in *People v. Turner* (5th Dist. 1976), 36 Ill. App. 3d 77, 81, 343 N.E.2d 267, had occasion to consider allegations of misjoinder in a criminal case. There, the court stated (at page 81):

"The statutory provision for joinder of offenses and defendants is found in section 111—4(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 111—4(a)). According to the commentary following this section, it 'is substantially a restatement and codification of former Illinois law.' (Ill. Ann. Stat., ch. 38, sec. 111—4, Committee Comments (Smith-Hurd 1970).) Citing *People v. Stilson*, 342 Ill. 158, 176 N.E.2d 145, the commentary notes that the defendant 'must move for the election.' In *People v. Stilson*, our supreme court applied the following quotation from *People v. Jones*, 291 Ill. 52, 125 N.E.2d 711: 'Nor is the court required to compel the State to elect the count or counts upon which conviction is to be sought, in the absence of a motion to that effect on the part of the defendant.' (342 Ill. 158, 166.) More recent decisions show no indication of repudiating the requirement that the defendant must move for a severance of counts or be barred from raising such issue for the first time on appeal. (*People v. Mowen*, 109 Ill. App. 2d 62, 248 N.E.2d 685, *cert. denied*, 397 U.S. 908, 25 L. Ed. 2d 89, 90 S. Ct. 905; *People v. Poe*, 304 Ill. App. 601, 26 N.E.2d 415.) Misjoinder of offenses is a formal defect. Ill. Rev. Stat. 1973, ch. 38, par. 111—5."

Similarly, this court held, in *People v. Key* (3d Dist. 1975), 28 Ill. App. 3d 637, 328 N.E.2d 914, that a defendant, who had pleaded guilty and who had not objected at the trial level to the joinder of offenses in the indictment, was precluded from raising such objections on appeal.

■■ In the instant case, the defendant first objected to the joinder of offenses orally, at trial, and after the jury had been selected and sworn. Defendant's delay in making such objection was apparently for tactical reasons. Further, the objection attacks the form, and not the substance, of the indictment. For these reasons, and under the precedents which we

have outlined heretofore, we could determine that defendant, by not objecting prior to the selection of the jury, has waived his claims of misjoinder.

■■ We shall, nevertheless, proceed to consider the merits of defendant's contention. Section 111—4(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—4(a)) provides:

> "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction."

We conclude from the record that the offenses charged in the indictment here arose out of acts which were sufficiently related so as to be considered "part of the same comprehensive transaction." The first count of the indictment charged theft of the automobile on October 1, 1975. The second count charged theft of items contained in the automobile on October 3, 1975. The same entity, Lafferty, owned both the property allegedly stolen on October 1 and the properties allegedly stolen on October 3. The automobile which was stolen on October 1, contained the items which were stolen on October 3, and therefore facilitated the alleged October 3 offense. Both offenses occurred within a matter of days. These factors establish that the offenses charged were part of the same comprehensive transaction.

Defendant cites several cases in support of his contention that the offenses were misjoined. Such cases are distinguishable. The defendant in *People v. Fleming* (1st Dist. 1970), 121 Ill. App. 2d 97, 257 N.E.2d 271, was indicted for two counts of theft; the first count charging theft of an automobile, and the second charging theft by deception of certain cash and clothing, when, eight months after the theft of the automobile, the defendant purported to sell the stolen automobile in exchange for the cash and clothing. In holding that the offenses charged did not arise out of a comprehensive transaction, the *Fleming* court stressed that "[t]he only visible thread of continuity between the two offenses * * * is that the same automobile played a role in each." (121 Ill. App. 2d 97, 103). The theft by deception arose independently so that defendant there obtained cash and clothing by purporting to sell the stolen automobile in exchange for that cash and clothing. In *People v. Wolf* (1934), 358 Ill. 334, 193 N.E. 211, the defendant was charged with embezzlement from a bank and embezzlement from a park district. The supreme court there held (at page 336):

> "The indictment does charge two separate and distinct felonies— embezzlement from two corporations, one a private and the other

a municipal corporation, toward each of which defendant bore a different relationship. Different penalties are prescribed by the statute for the commission of the separate offenses."

These cases bear no relationship to the situation which exists in the instant case where the offenses are clearly a part of the same comprehensive transaction.

Defendant further cites *Kotter v. People* (1894), 150 Ill. 441, 37 N.E. 932, in support of his argument. In *Kotter*, the defendant was charged with forging the signatures on three receipts, all of which were on a single sheet of paper. In holding that the defendant could not be forced to trial simultaneously on all three charges, the court ruled that it was improper to include separate and distinct felonies in a single indictment. The emphasis in *Kotter* was on the "separate and distinct felony" aspect of that case. In the Code of Criminal Procedure, the enactment covered the right to indict for more than one felony if the acts were part of a "comprehensive transaction" which clearly was true in the instant case.

■■ Defendant's other contention on this appeal is that the trial court erred in refusing to quash the second count of the indictment, on the ground that such count improperly combined the theft of property of two owners in an effort to attain a value of property in excess of $150. We note that while the second count of the indictment did originally charge theft of property owned by Lafferty Company and property owned by Johnson, that second count was amended, on the State's motion and after presentation of all the evidence, to delete all references to Johnson's property. Thus, the second count as considered in the jury's deliberations charged only the theft of Lafferty Company property.

Section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—5) provides in part:

"An indictment, information or complaint which charges the commission of an offense in accordance with Section 111—3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects, including:

\* \* \*

(d) The presence of any unnecessary allegation; \* \* \*."

The amendment on the trial here merely deleted unnecessary allegations regarding Johnson's property from count two of the indictment. The amendment affected only the form of the indictment, and did not substantively alter any of the charges against the defendant. Thus, the trial court acted properly in allowing the State's motion for amendment of the indictment, and the error, if any, in the trial court's denial of defendant's motion to quash was rendered harmless.

For the reasons stated, therefore, the judgments and sentences of the Circuit Court of Rock Island County are affirmed.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER, concurring in part and dissenting in part:

I join with the majority of the court in affirming defendant's conviction and sentence for the theft of the motor vehicle described in count I of the charge. However, I believe the judgment of conviction and sentence for the theft of the tires and the vehicle contents as described in count II of the charge should be vacated because the counts relate to the same conduct and consequently only one conviction and sentence are appropriate.

The opinion of the majority fully discusses all of the issues raised by the defendant. I wholly agree with the majority's reasoning and conclusion that both counts were properly tried together and that no other errors affected the fairness of the trial. No issue was raised by the defendant in his brief concerning the propriety of two judgments of conviction and sentences and in fact his argument adopted a contrary position, namely, that the offenses described were so separate and distinct that trial on both issues at the same time was inappropriate. In rejecting this contention, the propriety of joining the counts raises the directly related issue of the propriety of two convictions and even though the issue was not raised in the briefs by the defendant, I have great difficulty in affirming the reasoning related to the joint counts without at the same time carrying that reasoning to its logical conclusion, namely, that only one offense was committed. Under the unusual circumstances of the argument advanced and the issues presented, I believe it necessary to discuss the further issue even though not raised by the defendant. Ordinarily issues not raised by the defendant are not considered by this court on appeal, a proposition with which I thoroughly agree. Under the circumstances of this case, I do not see how we can put our stamp of approval on the propriety of two convictions, when in fact our decision on the issues actually raised is an integral part thereof. My colleagues have declined to discuss this issue because not raised by the defendant and the reasons for doing so are understandable under the usual practices of this court.

As is indicated from the statement of facts, count I charges defendant with the theft of a motor vehicle and count II charges him with the theft of the tires and contents of a motor vehicle. It seems clear to me that the second charge is a lesser included offense and arises out of the same act.

The theft of a car necessarily involves the theft of its tires and its contents and while I agree that it is proper to permit separate offenses to be charged since the evidence may not support the first charge but may support the latter charge, only one offense has occurred. The fact that the second offense may be described as having occurred on a different date is of no particular significance. If the People are able to prove the theft of the car on an earlier date, the theft of its tires and contents on whatever date is a lesser included offense. If on the other hand, the People are only able to prove the theft of tires and the vehicle contents, likewise, the failure to prove the theft of the car would be of no significance.

I would therefore affirm the conviction and sentence for the theft of the car, but I would vacate the conviction and sentence for the theft of the tires and vehicle contents.