THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RICHARD C. BURCHFIELD, Defendant-Appellee.

Third District   No. 78-127

Opinion filed August 3, 1978.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal was brought by the State from the discharge of the defendant, Richard Burchfield, because of the failure of the State to bring the defendant to trial within 120 days of the date he was taken into custody. On September 1, 1977, the defendant was arrested and placed in custody based on a complaint charging unlawful possession of a controlled substance. At a preliminary hearing, held September 15, 1977, probable cause was found, and the defendant was bound over and his bond reduced from $10,000 to $5,000. On December 6, 1977, a bill of indictment was filed charging the same offense as that charged in the complaint.

In open court, the defendant was informed of the indictment. This occurred on December 8, 1977. Also at this proceeding, the State explained that just the week before it had received the results of laboratory tests and, although the State could be ready to proceed within 120 days, it was doubtful the defense could be prepared for trial within that time. As a result, the State moved that the defendant be released on a personal recognizance bond. The defendant, who was represented by counsel, made no objection, and the trial court ordered that bond could be made by personal recognizance.

Thereafter, the defendant, accompanied by counsel, entered a plea of not guilty on December 15, 1977. At that time, trial was set for February 20, 1978. However, on January 6, 1978, the defendant filed a motion praying for discharge because he had been in custody over 120 days. In response the State pointed out that the defendant had been authorized a personal recognizance bond but admitted that the defendant remained in jail because of a parole warrant. The basis for the parole hold was the defendant's arrest on the charges in the case now before this court. Following a hearing, the trial judge entered an order discharging the

defendant based on the facts that the defendant never actually signed the personal recognizance and that he was never actually released on bond.

■■ In *People v. Beyah* (1977), 67 Ill. 2d 423, 367 N.E.2d 1334, the trial court, aware that the defendant's counsel had to be present at another trial, initiated a discussion on the need for a continuance in the defendant's case. The Illinois Appellate Court for the First District decided that, although the trial court initiated the discussion, the defendant would have had to ask for a continuance for that reason and, in any event, the defendant and his counsel tacitly agreed to the continuance. (*People v. Beyah* (1st Dist. 1976), 42 Ill. App. 3d 962, 356 N.E.2d 96.) The Illinois Supreme Court, however, reversed, stating, "[t]o conclude under these circumstances and after counsel was ordered to 'pick a date,' that the delay was occasioned by defendant would be a mockery of justice." (*People v. Beyah* (1977), 67 Ill. 2d 423, 428, 367 N.E.2d 1334, 1336-37.) In finding that the delay was not occasioned by the defendant, the Illinois Supreme Court relied upon *People v. Wyatt* (1962), 24 Ill. 2d 151, 180 N.E.2d 478, which concluded that even though a defendant is willing to take advantage of the trial court's offer, that does not convert the offer into a request for delay on the motion of the defendant. The decision of the trial court as to the accountability for the delay should be sustained, absent a clear showing of an abuse of discretion. See *People v. Arch* (3d Dist. 1975), 33 Ill. App. 3d 331, 337 N.E.2d 221.

■■ A motion for delay by the State can not be converted into a request for delay by the defendant merely because the defendant failed to object to the State's motion. Therefore, the defendant must have been brought to trial within 120 days of the date he was taken into custody.

■■ On the other hand, it is argued by the State that the defendant, though he was in jail, was not in custody because the trial court ordered him released on a recognizance bond and the only reason he remained in jail was a parole hold, which was based on the very same charge for which he was to be tried. It is true that incarceration for an unrelated charge does not start the running of the 120-day period. (*People v. Nettles* (3d Dist. 1969), 107 Ill. App. 2d 143, 246 N.E.2d 29.) Nevertheless, when a defendant is held for a parole violation based on a charge for which he is to be later tried, he is within the jurisdiction of the court, and the State must take the necessary steps to bring the defendant to trial within the 120-day period. (*People v. Powell* (3d Dist. 1976), 43 Ill. App. 2d 934, 357 N.E.2d 725.) This is also the opinion of the Illinois Supreme Court which, in *People v. Patheal* (1963), 27 Ill. 2d 269, 189 N.E.2d 309, held that, although the defendant was delivered into the custody of a State parole agent about 3½ months after his arrest, the failure of the State to bring the defendant to trial within 4 months entitled the defendant to discharge.

The State directs our attention to a pair of recent appellate court opinions, *People v. Daily* (4th Dist. 1975), 30 Ill. App. 3d 413, 332 N.E.2d 146, and *People v. Sibley* (1st Dist. 1976), 41 Ill. App. 3d 616, 354 N.E.2d 442. *Daily* held that the detention of a defendant, charged with armed robbery, on a parole warrant resulting from his arrest on the armed robbery charge was not a detention on the armed robbery charge for the purpose of the 120-day rule. This decision is clearly inconsistent with this court's decision in *Powell* and the Illinois Supreme Court's *Patheal* decision.

The facts in *Sibley* were that the State, due to the unavailability of a material witness, moved for an extension of time. As a result, on the 116th day of custody the defendant was released from custody on his own recognizance even though his counsel made repeated objections, demanded trial and the defendant refused to sign the recognizance bond. The Illinois Appellate Court for the First District held, in effect, that the defendant had waived his right to raise this issue before the reviewing court as error because, by appearing and submitting himself to the orders and process of the trial court subsequent to his release, the defendant conducted himself in such a manner that his assent may fairly be inferred.

■■ The rationale underlying the *Sibley* decision was that "the creation and enforcement of constitutional and statutory rights for the protection of defendants cannot be used for manipulation 'in such a way as to provide an avenue to escape legitimate prosecution, * * *.'" (*People v. Sibley* (1st Dist. 1976), 41 Ill. App. 3d 616, 622, 354 N.E.2d 442, 447.) Nevertheless, the *Sibley* court was concerned, as they rightly should have been, with the inappropriate use of that opinion and warned that the State cannot habitually detain a defendant for almost 120 days and then permit him personal freedom on recognizance to effect an additional delay of 40 days.

In spite of the cautions in *Sibley*, we believe that the opinion lends itself to improper usage by a State's Attorney's office and the technical violation of the rights of defendants. Furthermore, the *Sibley* decision appears to be inconsistent with the Illinois Supreme Court's opinion in *Beyah*.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.