THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DRED WALLS, JR., Defendant-Appellee.

Second District   No. 78-29

Opinion filed April 23, 1979.—Rehearing denied May 23, 1979.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was charged with possession of more than 500 grams of cannabis. The trial court granted the defendant's suppression motion

and the State appeals. At issue is the constitutionality of the police search of the trunk of the defendant's car.

The facts may be summarized as follows: On September 7, 1977, at approximately 1 a.m., Officers Downs and Bartelt were eastbound on Shaeffer Road on routine patrol, when a west-bound auto crossed the center line and forced the squad car off the roadway. The officers pursued the offending vehicle and the vehicle pulled off the highway onto a side road, after failing to stop at two stop signs. The driver of the offending vehicle was the defendant, Dred Walls, Jr. As the officers pulled up behind the auto, they observed the defendant outside of the car, carrying what appeared to be a green pillowcase. The defendant went to the rear of his vehicle and opened the trunk as the officers got out of their squad car and approached him. The defendant "seemed to be somewhat suspicious and nervous." When the officers were 10 feet or less from the defendant, Downs told him to "Just wait a minute," but the defendant threw the pillowcase into the trunk and slammed it shut. When Downs asked the defendant to open the trunk, the defendant responded, "You know you got me, man."

At the suppression hearing Downs gave testimony indicating that the defendant then consented to a search of the trunk by the officers. However, this varied from testimony Downs gave at the preliminary hearing, which indicated that the search was non-consentual, and the trial court found that the defendant did not consent to the search and granted the defendant's motion to suppress the cannabis.

■▮▮ Since *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, it has been held that a warrantless search of a motor vehicle may be justified if there is probable cause to believe that the vehicle contained articles which the police are entitled to seize. (*E.g., Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975.) While a minor traffic violation, without more, will not justify a warrantless search of the traffic violator's auto (*People v. Watkins* (1960), 19 Ill. 2d 11), such a search is justified where the officer reasonably believes he is dealing with a situation more serious than the stop of a routine traffic violator. *People v. McKnight* (1968), 39 Ill. 2d 577, *cert. denied* (1969), 394 U.S. 993, 22 L. Ed. 2d 770, 89 S. Ct. 1473; *People v. Robinson* (1968), 40 Ill. 2d 453; *People v. Smith* (1978), 67 Ill. App. 3d 952.

■▮ In this case, the officers clearly had reason to believe that the defendant was more than a mere traffic violator. The defendant's extraordinary action in running the officers' squad car off the road, coupled with the defendant's stop-sign violations and his obvious and compelling desire, after he was stopped, to put the green pillowcase beyond the officers' reach, and the statement that the officers had "got"

70

him, all combined, would make reasonable a belief that the pillowcase contained contraband and that the defendant was engaged in a criminal activity and would, in our opinion, amount to probable cause.

The defendant argues that the officers' search of the trunk was based upon mere suspicion, since the officers could not articulate just what it was they believed would be found in the pillowcase. He contends that such "suspicion and conjecture" did not attain the level of probable cause. While a mere "hunch" or suspicion on the part of a police officer will not by itself justify a warrantless search of an automobile, we believe that an officer's reasonable belief that an automobile contains contraband may amount to probable cause, even though the officer does not know precisely what the contraband is. See *State v. Gallagher* (Minn. 1979), 275 N.W.2d 803; *People v. Shapiro* (1963), 213 Cal. App. 2d 618, 28 Cal. Rptr. 907.

It is, therefore, our conclusion that the officers' search of the trunk of the defendant's car and the pillowcase was lawful regardless of whether or not the defendant consented to the search. The trial court thus erred in granting the defendant's suppression motion.

The order of the circuit court of Kane County granting the defendant's suppression motion is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GUILD, P. J., and WOODWARD, J., concur.