THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DEBORAH DAVIS, Defendant-Appellee.

Second District    No. 79-702

Opinion filed January 21, 1981.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Patrick A. Barton and Jack L. Parrino, both of Bensenville, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

The State appeals from an order of the Circuit Court of Du Page County dismissing criminal charges against defendant, Deborah Davis, for failure to comply with the 120-day speedy trial provisions of section 103—5(a) of the Code of Criminal Procedure. Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a).

Defendant was charged by complaints issued in Du Page County with four offenses of unlawful use of credit cards (Ill. Rev. Stat. 1975, ch. 121½, par. 608 (ii)) and two offenses of forgery (Ill. Rev. Stat. 1975, ch. 38, par. 17—3(a)(3)). She was arrested on October 11, 1976, and released on bail, but when she failed to appear for her October 16, 1976, court date an order for forfeiture of bail was entered and a warrant for her arrest issued. Defendant was arrested on this warrant in Cook County on September 15, 1977; she again posted bail but failed to appear for her court date in Du Page County on December 1, 1977, and bail was again ordered forfeited and a warrant for her arrest issued. On February 2, 1978, defendant was arrested in Cook County on charges arising there and was incarcerated in the Cook County jail.

On February 7, 1978, the sheriff of Du Page County forwarded an arrest warrant referring to the six pending charges in Du Page County to the sheriff of Cook County requesting that it be filed as a detainer against defendant and that he be advised prior to defendant's release from custody of Cook County so that arrangements could be made to return defendant to Du Page County. The record does not disclose whether or not the Cook County authorities complied with this request.

Thereafter, defendant was tried and convicted in Cook County of attempt theft (Ill. Rev. Stat. 1975, ch. 38, par. 8—4) and on March 8, 1978,

was sentenced to a term of 364 days in the Illinois Department of Corrections. The sentence was served by her in the House of Corrections in Chicago, an institution under the supervision of the sheriff of Cook County. The conviction and sentence was affirmed on appeal. *People v. Davis* (1979), 70 Ill. App. 3d 454, 388 N.E.2d 887.

On July 14, 1978, apparently while serving her sentence, defendant filed a petition in the Circuit Court of Du Page County for dismissal of the pending charges in Du Page County on the grounds she had not been brought to trial within 120 days of March 8, 1978, when the Cook County charges had been disposed of. This motion was denied, but it was renewed when the case was transferred to a different judge and was then granted. The trial court found that defendant was in the custody of Du Page County, by virtue of its detainer warrant, commencing with the disposition of the Cook County charges on March 8, 1978. As more than 120 days had elapsed since that date without bringing her to trial, the court found defendant was entitled to discharge and dismissed all pending Du Page County charges pursuant to section 103—5(a).

The State contends on appeal, as it did in the trial court, that the controlling speedy trial statute in this case is section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1003—8—10). It asserts that as defendant was sentenced on March 8, 1978, to a term in the Illinois Department of Corrections she was required by the intrastate detainer provisions of section 3—8—10 to demand trial of the pending charges in Du Page County before the 160-day term of section 103—5(b) would commence to run. The State asserts that, as defendant was on bail from the Du Page County charges, had been committed to the Illinois Department of Corrections and made no demand for trial, the 120-day speedy trial requirements of section 103—5(a) did not apply.

Two statutory provisions implement the constitutional speedy trial guarantee in Illinois. Section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 103—5) provides:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody * * *.
>
> (b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial * * *."

Section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1003—8—10), entitled "Intrastate Detainers," provides:

> "Except for persons sentenced to death, subsection (b), (c) and (e) of Section 103—5 of the Code of Criminal Procedure of 1963 shall also apply to persons committed to any institution or facility or program of the Illinois Department of Corrections who have

untried complaints, charges or indictments pending in any county of this State, and such person shall include in the demand under subsection (b), a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him to be tried and the county of said charges, and the demand shall be addressed to the state's attorney of the county where he is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the Department of Corrections institution or facility to which he is committed. The state's attorney shall then procure the presence of said defendant for trial in his county by writ of habeas corpus. Additional time may be granted by the court for the process of bringing and the execution of a writ of habeas corpus ad prosequendum. In the event that the said person is not brought to trial within the alloted time, then the charge for which he has requested a speedy trial shall be dismissed."

Defendant essentially relies upon our decision in *People v. Kerley* (1979), 72 Ill. App. 3d 916, 391 N.E.2d 225. There a detainer warrant had been lodged against defendant at the Cook County jail by the Village of Glen Ellyn in Du Page County. The charges for which defendant was being held in Cook County were disposed of on April 7, 1977, by his pleas of guilty and dismissals, and he was then sentenced to 30 days with credit for time served and released on April 22, 1977. This court held that the Du Page County authorities were under a duty to bring defendant to trial within 120 days of termination of the Cook County proceedings by his convictions and sentence. As Kerley was not thereafter tried in Du Page County in apt time, he was therefore entitled to discharge pursuant to section 103—5(a).

The court in *People v. Williams* (1973), 10 Ill. App. 3d 428, 431 n.1, 294 N.E.2d 61, 63, n.1, recognized the need for a uniform disposition of detainer statute in Illinois; section 3—8—10 of the Unified Code of Corrections was enacted by the legislature effective July 1, 1974. It was considered in *People v. Smith* (1976), 42 Ill. App. 3d 731, 356 N.E.2d 656, and held to apply to an offense committed by an inmate of an Illinois penitentiary during his term of imprisonment. The court in *Smith* reasoned that as defendant was a person committed to an institution or facility of the Department of Corrections who had an untried charge pending in a county of this State his statutory right to a speedy trial had to be invoked by him by the demand required by section 103—5(b) of the Code of Criminal Procedure and he must then be tried within 160 days thereafter. (See also *People v. Chaney* (1977), 48 Ill. App. 3d 775, 778, 362 N.E.2d 1375, 1378; *People v. Bivens* (1976), 43 Ill. App. 3d 79, 82, 356 N.E.2d 665, 668.) An analogous statute was also before the court in *People*

*v. Uplinger* (1977), 69 Ill. 2d 181, 370 N.E.2d 1054, where it considered the speedy trial requirements of article III(a) of the Uniform Agreement on Detainers Act (Ill. Rev. Stat. 1979, ch. 38, par. 1003—8—9) relating to persons in prison in another State having pending charges in this State. It held that the Interstate Detainer Act required such a person to give notice of his location and request disposition of pending charges before the 180-day speedy trial time provided when a person is imprisoned in another State will commence to run.

*People v. Kerley*, upon which defendant relies, must be distinguished on its facts from the present case. This court did not there consider section 3—8—10 relating to intrastate detainers as Kerley had not been committed to the Illinois Department of Corrections and the statute relating to intrastate detainers thus did not apply to him. In the present case, however, defendant Davis was committed by the sentencing Cook County court to the Illinois Department of Corrections. It was authorized to assign persons committed to it for service of sentence (see Ill. Rev. Stat. 1979, ch. 38, pars. 1003—1—2(b), (c), 1003—2—2), and defendant does not assert she was not so assigned to the Cook County jail facility when she filed her motion for discharge without complying with the intrastate detainer statute. *People v. Powell* (1976), 43 Ill. App. 3d 934, 357 N.E.2d 725, also relied upon by defendant, did not consider the requirements of the intrastate detainer statute.

Defendant contends that section 3—8—10 is intended to apply only when one is committed to the Illinois Department of Corrections and his whereabouts are unknown to the authorities in a county where other charges are pending. As the Du Page County authorities did know where defendant was when they filed the detainer warrant, she asserts they were charged with the duty to bring her to trial within 120 days of her Cook County sentence and that she was not required to invoke the provisions of the intrastate detainer statute. We do not agree. Reading these statutes in *pari materia* as we must (see *People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658), it is apparent defendant was committed to the Illinois Department of Corrections on March 8, 1978, and, having pending untried charges in Du Page County, was required to make demand for trial pursuant to section 3—8—10. If she had done so, the State would have been obliged to try her within 160 days pursuant to section 103—5(b). To hold otherwise would require us to engraft an exception on to the statute and limit its application to persons committed to the Department of Corrections against whom no detainer warrants had been previously filed. If that had been the intent of the legislature, it could easily have included a modifying clause to that effect. See *People v. Smith* (1976), 42 Ill. App. 3d 731, 735, 356 N.E.2d 656, 660.

The statutory speedy trial scheme provides that a person in custody must be tried within 120 days (section 103—5(a)); persons on bail or recognizance (section 103—5(b)) and persons who have been committed to the Department of Corrections for other offenses (section 3—8—10) must be tried within 160 days of their demand for trial. Those persons imprisoned in another State against whom a detainer has been lodged must be brought to trial within 180 days after making demand for trial. (Section 1003—8—9, art. III(a).) We note too that a prisoner's right to a speedy trial under the Federal Speedy Trial Act (18 U.S.C.A. §3161(j) (Supp. 1980)) also requires a demand for trial. *United States v. Bryant* (4th Cir. 1979), 612 F.2d 806, 811.

As defendant failed to comply with the terms of the intrastate detainer statute to which she was subject the trial court erred in granting her motion for discharge.

Accordingly, the judgment of the Circuit Court of Du Page County is reversed and this cause remanded for further proceedings.

Reversed and remanded.

SEIDENFELD, P. J., and LINDBERG, J., concur.