THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SCOTT E. FREELAND, Defendant-Appellant.

Second District   No. 81-113

Opinion filed December 21, 1981.

David R. Jordan, of Oak Park, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Paula R. Johnson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Scott E. Freeland, was convicted of three counts of burglary and was sentenced to concurrent five year terms of imprisonment. He appeals, contending the trial court erred in denying (1) his motion for discharge for failure to give him a speedy trial; (2) his motion for severance of one of the three burglary charges; and (3) his motion to suppress physical evidence seized in a search of the trunk of his automobile. We affirm.

Defendant was arrested on two charges of burglary on August 9, 1980, and was released on his own recognizance. A complaint for a third burglary was thereafter sworn against defendant and a warrant issued for his arrest; he was again taken into custody and on August 14, 1980, was released on a personal recognizance on that charge. However, while he was still in Du Page County jail defendant was served with a notice of violation of his parole granted after conviction for a previous burglary for which he had been committed to the Department of Corrections for a term of 4 to 12 years on April 25, 1977, and then released on parole in August 1979. Defendant was taken into custody by the Department of

Corrections as a parole violator and removed to the State penitentiary in Joliet where he remained until December 16, 1980. Just prior to trial of the present charges, defendant moved for discharge, stating he had not been brought to trial within 120 days of August 14, when he had been served with notice of violation of parole. (See Ill. Rev. Stat. 1979, ch. 38, par. 103—5.) The State argued principally that defendant was subject to the terms of the speedy-trial provisions of section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1003—8—10) and that he never made the demand for trial required by it. The trial court agreed and denied defendant's motion for discharge.

The factual circumstances necessary for consideration of the other issues raised may be briefly stated. William Cunningham returned home shortly before 2 a.m. on August 9, 1980, and parked his car next to his boat, at which time he noticed two gas cans and some hoses lying on the ground alongside it. He also noticed a gas tank and battery were missing from the boat. Cunningham left the immediate area to see if he could find the thief and saw defendant nearby, but did not then approach him. Cunningham later returned to his boat and found the gas cans were then missing. Defendant was in his own automobile nearby; Cunningham approached and saw gas cans in defendant's vehicle, one of which he recognized as belonging to his neighbor, William Hushour. He removed the can and defendant from the auto and took him to Hushour's apartment where he was held while the police were summoned.

When the officers arrived Hushour identified as his property the boat gas can Cunningham had found in defendant's automobile, and both men advised the officers other items were missing from their watercraft. The officers then observed several gas cans in plain view in the front and back seats of defendant's automobile. Defendant was arrested and the trunk to his vehicle was opened, with defendant's key, and found therein were a gas can, a battery and a variety of tools. Charles Voss later identified these tools as his property and testified they had been removed from his automobile sometime after 11:45 p.m. on August 8 when Voss had parked his vehicle in a parking lot which adjoins the lot in which the boats owned by Cunningham and Hushour were located.

The court denied defendant's motions to suppress evidence and to sever for trial the count charging burglary of the Voss automobile from the other burglaries. The jury returned verdicts of guilty on all three counts, and defendant appeals.

■■ We initially consider whether defendant was deprived of his statutory right to a speedy trial.

The statutory speedy trial scheme in Illinois provides that persons in custody must be tried within 120 days of their being taken into custody (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a)), and those persons on bail or

recognizance shall be tried within 160 days of the date on which they demand trial (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b)). Section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1003—8—10), entitled "Intrastate Detainers," states "subsection (b) * * * of Section 103—5 of the Code of Criminal Procedure of 1963 shall also apply to persons committed to any institution or facility or program of the Illinois Department of Corrections who have untried complaints, charges or indictments pending in any county of this State * * *." (See *People v. Bivens* (1976), 43 Ill. App. 3d 79, 356 N.E.2d 665.) The record reflects defendant made no demand for trial as is required by both sections 3—8—10 and 103—5(b).

Defendant contends that although he was released on his personal recognizance on all three of the burglary charges he was subject to the 120-day speedy trial term of section 103—5(a) because he was being held in custody by the Department of Corrections in Joliet pursuant to the notice of the violation of his parole. The State has argued, however, and the trial court determined, defendant was subject to the provisions of section 3—8—10 (Ill. Rev. Stat. 1979, ch. 38, par. 1003—8—10), which required that he make a demand for trial before the 160-day term would commence to run and that no such demand was made by him. The State contends that as defendant was released on his personal recognizance on all of the Du Page County charges and held in the State penitentiary for a violation of his parole he was then in custody of the Department of Corrections to which he had been committed for burglary in 1977, and section 3—8—10 applies.

Defendant does not assert he was not a person committed to the Department within the meaning of section 3—8—10; instead, he states the statute is not applicable to his circumstances. A plain reading of the Intrastate Detainers Act discloses that the requirement imposed by section 103—5(b), the necessity for demanding trial to initiate the 160-day term, applies to persons in custody of the Department of Corrections; those persons on bail or recognizance, of course, are already subject to the demand requirement. (See *People v. Toney* (1978), 58 Ill. App. 3d 364, 374 N.E.2d 695, *appeal denied* (1978), 71 Ill. 2d 605.) Defendant was a person committed to the custody of the Department of Corrections, having three untried burglary charges pending against him in Du Page County. He was, therefore, required to make a demand for trial. As he failed to do so, the 160-day speedy-trial term did not commence, and he was not denied a speedy trial. See *People v. Davis* (1981), 92 Ill. App. 3d 869, 416 N.E.2d 85; *People v. Smith* (1976), 42 Ill. App. 3d 731, 356 N.E.2d 656; see also *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180; Ill. Rev. Stat. 1979, ch. 38, par. 1003—14—2(a).

As we stated in *People v. Davis* (1981), 92 Ill. App. 3d 869, 873, 416

N.E.2d 85, 87-88, in rejecting a limited interpretation of the intrastate detainers statute there advanced, it is improper to judicially engraft an exception to it where if the legislature so intended to adopt such a construction it could readily have included a clause to that effect. Defendant has offered no basis which excepts him from the terms of the intrastate detainers statute. The cases relied upon by defendant must be distinguished, as the applicability of the Intrastate Detainers Act was either ·not urged or considered by the court or was otherwise not applicable because the accused had not been committed to the Department of Corrections. See *People v. Burchfield* (1978), 62 Ill. App. 3d 754, 379 N.E.2d 375; *People v. Powell* (1976), 43 Ill. App. 3d 934, 357 N.E.2d 725; see also *People v. Patheal* (1963), 27 Ill. 2d 269, 189 N.E.2d 309; *People v. Manna* (1981), 96 Ill. App. 3d 506, 421 N.E.2d 542, *appeal denied* (1981), 85 Ill. 2d 571; *People v. Woodruff* (1980), 90 Ill. App. 3d 236, 412 N.E.2d 1171; *People v. Kerley* (1979), 72 Ill. App. 3d 916, 391 N.E.2d 225; *People v. Williams* (1973), 10 Ill. App. 3d 428, 294 N.E.2d 61.

Defendant next contends the trial court erred in denying his motion to sever for trial the burglary of the Voss automobile from the other two burglaries.

■■ ■ A defendant may not be placed on trial over his objection on an indictment charging separate offenses when it appears such offenses were not based upon acts which were part of the same comprehensive transaction. *(People v. Tomasello* (1981), 98 Ill. App. 3d 588, 595, 424 N.E.2d 785, 791; *People v. Petitjean* (1972), 7 Ill. App. 3d 231, 234, 287 N.E.2d 137, 140; Ill. Rev. Stat. 1979, ch. 38, par. 111—4(a).) The most important factors to consider in determining whether the offenses in question were part of the same comprehensive transaction are their proximity in time and location and the identity of evidence providing a link between the offenses. (*E.g., People v. Mikel* (1979), 73 Ill. App. 3d 21, 27, 391 N.E.2d 550, 555.) The record discloses the three burglaries were committed, at most, within a two-hour period, and the Voss automobile was parked a few hundred feet from the two burglarized boats. In addition, property stolen from each of the three locations was found nearby in defendant's automobile when it was searched. These factors serve to distinguish *People v. Bricker* (1974), 23 Ill. App. 3d 394, 319 N.E.2d 255, and *People v. Fleming* (1970), 121 Ill. App. 2d 97, 257 N.E.2d 271, relied on by defendant, in terms of time and location between the offenses and in providing an evidentiary link between them. Under these circumstances we cannot say the trial court abused its discretion in viewing the three burglaries as part of the same comprehensive trans-·action and in denying defendant's motion for severance. See *People v.* *Van DeVeire* (1977), 47 Ill. App. 3d 289, 361 N.E.2d 1180; *People v.*

*Daniels* (1976), 35 Ill. App. 3d 791, 342 N.E.2d 809; *People v. Key* (1975), 28 Ill. App. 3d 637, 328 N.E.2d 914.

Defendant's final contention is that the court erred in denying his motion to suppress evidence seized in the search of the trunk of his automobile. Although he does not seem to argue the officers lacked probable cause for the search, he asserts it was conducted without a warrant and in the absence of exigent circumstances.

■■ ■ Generally, a search warrant is constitutionally required before police are allowed to search an automobile, but a warrantless search will be upheld where it was performed incident to a lawful arrest, under the movable-automobile exception, when the vehicle is impounded or if a valid consent has been obtained. (*People v. Bayles* (1980), 82 Ill. 2d 128, 135, 411 N.E.2d 1346, 1349, *cert. denied* (1981), ___ U.S. ___, 69 L. Ed. 2d 1005, 101 S. Ct. 3160.) The State relies on the mobile-vehicle exception under which an immediate warrantless search of a stopped but movable automobile may be conducted if based upon probable cause to believe it contains evidence of crime. (See *Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975; *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280.) This exception is applicable to searches of the trunks of automobiles. (See *People v. Carter* (1967), 38 Ill. 2d 496, 232 N.E.2d 692, *cert. denied* (1968), 391 U.S. 965, 20 L. Ed. 2d 877, 88 S. Ct. 2033; *People v. Walls* (1979), 71 Ill. App. 3d 68, 389 N.E.2d 6, *cert. denied* (1980), 446 U.S. 919, 64 L. Ed. 2d 274, 100 S. Ct. 1855; *People v. Watkins* (1974), 23 Ill. App. 3d 1054, 320 N.E.2d 59.) That defendant was held in police custody outside his vehicle and might not have been able to reach into it cannot aid him (*e.g., People v. Brown* (1967), 38 Ill. 2d 353, 231 N.E.2d 577); nor is the possibility the arresting officers might have been able to immobilize defendant's vehicle while a warrant was secured of controlling significance (*People v. Peter* (1973), 55 Ill. 2d 443, 303 N.E.2d 398, *cert. denied* (1974), 417 U.S. 920, 41 L. Ed. 2d 225, 94 S. Ct. 2627).

■■ In this case the complaining witnesses informed the police they had seen their property which had been stolen from their boats in defendants' automobile and told them other property was also missing. The officers saw some of the property in plain view in the passenger compartment of defendant's automobile and thus had probable cause to search the entire vehicle including its trunk.

In addition, certain factors considered in decisions construing the scope of the mobile-automobile exception to the warrant requirement are present here. (See, *e.g., Cardwell v. Lewis* (1974), 417 U.S. 583, 593, 41 L. Ed. 2d 325, 336, 94 S. Ct. 2464, 2471; *People v. Davis* (1981), 93 Ill. App. 3d 217, 226-31, 416 N.E.2d 1197, 1204-07; *People v. Walls* (1980), 87 Ill.

App. 3d 256, 264, 408 N.E.2d 1056, 1063-64.) They establish a degree of exigency permitting the search of defendant's vehicle under these circumstances. The automobile was located in a public place when searched, and the police did not intrude onto defendant's privately owned land to do so. The officers did not know of the necessity of the trunk search until they arrived on the scene and could not have obtained a warrant before learning defendant's vehicle probably contained stolen property. Furthermore, defendant's car might not have been completely immobilized as there was a possibility that an accomplice was in the area. We conclude defendant's motion to suppress was properly denied.

Accordingly, the judgment of the circuit court of Du Page County will be affirmed.

Affirmed.

SEIDENFELD, P. J., and LINDBERG, J., concur.