Sherman GIBSON, Petitioner–
Appellant,

v.

Jonathan R. WALLS, Respondent–
Appellee.

No. 01–2710.

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002.*

Decided April 18, 2002.

Before BAUER, KANNE, DIANE P. WOOD, Circuit Judges.

## ORDER

Sherman Gibson was found guilty by an Illinois jury of murder, but on appeal the Illinois Supreme Court reversed his conviction. *See People v. Gibson*, 136 Ill.2d 362, 144 Ill.Dec. 759, 556 N.E.2d 226 (Ill. 1990). On retrial Gibson was once again found guilty and sentenced to life imprisonment. After exhausting his state remedies, Gibson petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that trial and appellate counsel rendered ineffective assistance by failing to protect his speedy trial rights under state law and the federal constitution. The district court denied relief, and we affirm.

On state post-conviction review Gibson raised claims that his rights to a speedy trial under state law and the federal constitution had been violated and that his trial and appellate counsel were ineffective because they failed to protect those rights. As for the state-law violation in particular, Gibson asserted that he had not been re-tried within 160 days, *see* 730 ILCS 5/3–8–10; 725 ILCS 5/103–5, of the date the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

Illinois Supreme Court issued its mandate. *See People v. Davis,* 92 Ill.App.3d 869, 48 Ill.Dec. 190, 416 N.E.2d 85, 88 (Ill.App.Ct. 1981). The trial court denied Gibson's claims, and the appellate court affirmed. The appellate court first concluded that no speedy trial violation occurred under state law. Although the appellate court did not specifically state that it had also rejected Gibson's related federal constitutional claim, it effectively did so by concluding that Gibson had waived his right to a speedy trial. *See Barker v. Wingo,* 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The appellate court further determined under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that trial counsel had not been ineffective because his decision not to assert Gibson's speedy trial rights was a strategic choice. Based on that conclusion, Gibson's related ineffective assistance of appellate counsel claim failed.

Before turning to the question whether the district court properly denied Gibson's petition, we note that at first blush Gibson's claim that he was denied the effective assistance of trial counsel strikes us as frivolous because Gibson argued in the state trial court, albeit with the assistance of different counsel who was appointed for this limited purpose, that his speedy trial rights had been violated. After the supreme court remanded Gibson's case for retrial, Gibson filed in the trial court a pro se "Motion to Discharge," in which he maintained that his state statutory and federal constitutional speedy trial rights had been violated. He also asserted that his trial counsel had rendered ineffective assistance by failing to assert those rights. In response to that motion, the trial court appointed another lawyer to represent Gibson for the limited purpose of presenting his claims, and the second lawyer filed a supplemental motion on Gibson's behalf. The trial court then held an evidentiary hearing at which Gibson and his original counsel testified; the trial court ultimately concluded that Gibson's speedy trial rights had not been violated and that trial counsel accordingly had not been ineffective. We simply fail to see how § 2254 could offer Gibson any relief. He received exactly what he contends he was denied— consideration of his speedy trial claim with the assistance of counsel.

In any event, to the extent trial counsel could be faulted for not doing more, Gibson is not entitled to federal habeas corpus relief. Gibson must show that the state appellate court's adjudication of his ineffective assistance claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The "contrary to" prong is not at issue here—the appellate court applied the correct standard under *Strickland,* and Gibson does not assert that the facts of his case are materially indistinguishable from a Supreme Court case. *See Rastafari v. Anderson,* 278 F.3d 673, 687 (7th Cir.2002). Federal habeas corpus relief therefore turns on whether the appellate court unreasonably applied *Strickland* to Gibson's ineffective assistance claims. *See id.* at 688.

Here, the state appellate court did not unreasonably apply *Strickland.* First, the appellate court appropriately recognized that Gibson's ineffective assistance claims would necessarily fail based on its conclusion that his state statutory and federal constitutional speedy trial rights had not been violated. Without a meritorious speedy trial claim, Gibson obviously could not demonstrate that he was prejudiced by trial counsel's failure to assert his speedy trial rights. *See Strickland,* 466 U.S. at 694; *Howard v. Gramley,* 225 F.3d 784, 791 (7th Cir.2000). Second, the appellate

court reasonably determined that trial counsel had not been ineffective because he made a strategic choice not to assert Gibson's speedy trial rights. In so concluding the appellate court credited trial counsel's testimony during the evidentiary hearing on Gibson's motion to dismiss. We must defer to that credibility determination, *see* 28 U.S.C. § 2254(e)(1); *Denny v. Gudmanson*, 252 F.3d 896, 900 (7th Cir.2001), *Coulter v. Gilmore*, 155 F.3d 912, 920 (7th Cir.1998), and under *Strickland*, 466 U.S. at 690–91, strategic choices made by counsel are "virtually unchallengeable." (We lastly note that because Gibson's ineffective assistance of trial counsel claim fails, so too does his claim of ineffective assistance of appellate counsel.) Because the appellate court did not unreasonably apply *Strickland* to Gibson's ineffective assistance claims, the district court properly denied § 2254 relief. Accordingly, its judgment is AFFIRMED.