THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD L. WILLIAMS, Defendant-Appellee.

Fourth District   No. 4—91—0310

Opinion filed August 29, 1991.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and David P. Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court of Sangamon County dismissing the charges pending against defendant Richard L. Williams. Defendant was charged with the unlawful possession of a controlled substance. (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b).) The petition to dismiss filed by defendant on March 27, 1991, alleged a denial of defendant's right to a speedy trial by failing to bring defendant to trial within 120 days of October 28, 1991, the date of defendant's arrest. However, the trial court properly found the appropriate period for assessing a violation of defendant's right to a speedy trial was the 160-day period provided by the intrastate detainer statute (Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—10; *People v. Lykes* (1984), 124 Ill. App. 3d 604, 464 N.E.2d 849) because defendant was incarcerated for a parole violation based on the activity which formed the basis for the criminal charges pending against him in this case. The trial court also found that 170 days had elapsed from the date defendant was arrested to the date of the hearing on the motion to dismiss, April 17, 1991.

On appeal, the only issue raised is whether the trial court erred in dismissing the charges against defendant since he did not make a demand for a speedy trial. No issue is raised on appeal regarding the trial court's calculation of the elapsed time. Defendant counters by arguing that the State has waived the issue concerning the demand for speedy trial by failing to make such an argument in the trial court.

In any event, we agree with defendant that the State has waived this issue for purposes of review. Waiver applies to the State as well as to criminal defendants (*People v. O'Neal* (1984), 104 Ill. 2d 399, 472 N.E.2d 441), and the assistant State's Attorney who argued before the trial court discussed the calculation of the 160-day period, but did not mention the failure of defendant to demand a speedy trial.

Accordingly, the order of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.