NO. 4-00-0873

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v.      ) Vermilion County

RAY LAMAR HILLSMAN, ) No. 00CF239

Defendant-Appellee. ) 

                      ) Honorable

) Claudia S. Anderson,

) Judge Presiding.

_______________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

On February 1, 2000, defendant, Ray Lamar Hillsman, was arrested on various charges and the Illinois Department of Corrections (DOC) issued a parole hold.  On May 22, 2000, the date of defendant's trial, the trial court denied the State's motion to continue because defendant had been in custody for 112 days.  The State did not accept the trial court's offer to reschedule the trial for defendant's 120th day of custody.  Instead, the State entered a 
nolle
 
prosequi
 on the charges and refiled the charges the same day.  On October 2, 2000, the date of defendant's trial on the refiled charges, the trial court granted defendant's motion for discharge because the State violated his right to a speedy trial under section 103-5(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103-5(a) (West 1998)).  The State appeals, arguing defendant's right to trial within 120 days did not commence because he was in custody on a parole hold.  We affirm.

I. BACKGROUND

On February 1, 2000, defendant was arrested on the charges of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 1998)) and obstructing justice (720 ILCS 5/31-4(a) (West 1998)).  As a result of defendant's arrest, DOC issued a parole hold.  Defendant did not post bond on the February 2000 charges (case No. 00-CF-52) and he remained in custody.  The record is silent as to the specific date DOC issued the parole hold and when defendant was remanded to DOC on the parole hold. 

Defendant's trial was scheduled for May 22, 2000, which was the 112th day defendant was in custody.  On this date, defendant filed a motion to dismiss and a motion 
in
 
limine
.  The State moved to continue the case to a date beyond defendant's 120th day in custody, but the trial court denied the State's request.  The trial court offered to reschedule defendant's trial to May 30, 2000, which would be defendant's 120th day in custody in case No. 00-CF-0239.  The State did not agree to this date and moved to enter a 
nolle
 
prosequi
.  The State also indicated it would refile the charges later the same day.

Defendant objected to the State's motion to nol-pros the charges and asserted the State was attempting to circumvent the 120-day rule set forth in section 103-5(a) of the Code.  725 ILCS 5/103-5(a) (West 1998).  The trial court allowed the State to nol-pros the charges on the morning of May 22, 2000.  Defendant remained in custody on the previously issued parole hold and the State refiled the charges herein (No. 00-CF-0239) later the same day.  This time, however, the State allowed defendant to obtain a recognizance bond on the refiled charges; but defendant remained in custody on the parole hold.  We note the limited record before us indicates defendant's bond was set at $1 million on the February 2000 charges.  The record shows defendant was remanded to DOC after the May 22, 2000, hearing, and a trial date was not set within 120 days.      

On October 2, 2000, the date of defendant's trial on the refiled charges, defendant filed a motion for discharge alleging he had been in continuous custody since his February 1, 2000, arrest, a total of 245 days.  In support of his motion, defendant argued that at the May 22, 2000, hearing, the State improperly moved to nol-pros the original charges in No. 00-CF-52 and then refiled the charges herein on the same day in an effort to circumvent the 120-day rule.  The State was not prepared to address defendant's motion and sought a continuance, which the trial court denied.  After the trial court granted a short recess to allow the State time to respond to defendant's motion for discharge, the State simply objected to defendant's motion without providing any legal argument.  The trial court found defendant's motion for discharge was "well taken."  Accordingly, the court granted the motion and dismissed the charges with prejudice.  

The State now appeals, arguing the trial court erred when it granted defendant's motion for discharge because the 120-day speedy-trial term does not commence while a defendant is held on a parole hold.  In the alternative, the State argues the trial court abused its discretion when it denied the State's motion to continue.  We affirm.

II. ANALYSIS

A. 
Motion
 
for
 
Discharge

Every person in custody in Illinois for an alleged offense shall be tried within 120 days from the date he or she was taken into custody.  725 ILCS 5/103-5(a) (West 1998).  Every person on bail or recognizance shall be tried within 160 days from the date defendant demands trial.  725 ILCS 5/103-5(b) (West 1998).  Subsection (b) of section 103-5 also applies to persons committed to any institution, facility, or program of DOC who have untried complaints, charges, or indictments pending in any county of Illinois.  730 ILCS 5/3-8-10 (West 1998).  

As a preliminary matter, we note the State's brief mentions defendant apparently never filed a demand for trial.  Therefore, because DOC issued a parole hold after defendant's arrest, the State asserts defendant was required to file a demand; then, under section 103-5(b), the State would have had 160 days to try defendant.  We will not entertain the State's assertion for two reasons.  First, the record before us begins on May 22, 2000, the date the State nol-prossed the original charges and refiled new charges against defendant.  Because defendant was originally arrested on February 1, 2000, and the record is silent as to any activity that occurred in the case for nearly four months, we cannot determine whether defendant filed a demand between February 1 and May 22, 2000.  Second, the State did not raise the issue of whether section 103-5(b) applied to defendant and whether defendant had a duty to file a demand.  Thus, the trial court never had an opportunity to consider the issue.  Therefore, because the record is unclear and because the State failed to pursue this issue before the trial court, we will address only the issue of whether the State violated defendant's right to a speedy trial under section 103-5(a).  See 
People v. Williams
, 218 Ill. App. 3d 442, 443, 578 N.E.2d 313, 313-14 (1991) (waiver applies to the State as well as to criminal defendants).  

The appellate districts appear divided as to whether a defendant's detention on a parole hold as a direct result of his arrest on another charge is a "detention" for purposes of the speedy-trial term.  The State cites 
People v. Daily
, 30 Ill. App. 3d 413, 332 N.E.2d 146 (1975) (Fourth District), in support of its position defendant's 120-day speedy-trial term did 
not
 run after DOC issued its parole hold.  Defendant, however, argues the State's reliance on 
Daily
 is weak because the facts in the present case are distinguishable and because other courts have held that a defendant who is held on a parole violation based upon the same charge for which he is later tried, is "in custody" for purposes of computing the 120-day speedy-trial term.  
People v. Patheal
, 27 Ill. 2d 269, 271-73, 189 N.E.2d 309, 310-11 (1963); 
People v. Manna
, 96 Ill. App. 3d 506, 510-11, 421 N.E.2d 542, 546-47 (1981) (Second District); 
People v. Burchfield
, 62 Ill. App. 3d 754, 756-57, 379 N.E.2d 375, 376-77 (1978) (Third District); 
People v. Powell
, 43 Ill. App. 3d 934, 936, 357 N.E.2d 725, 726-27 (1976) (Third District).  As explained below, we agree with defendant and find the State's total reliance on 
Daily
 is misplaced.

In 
Daily
, the defendant was arrested for armed robbery on August 17, 1973.  He posted bond on September 5, 1973, and was released.  On September 7, 1973, he was arrested for a parole violation due to his arrest on the armed robbery charge.  He remained in custody until December 13, 1973.  On that date, the parole warrant was withdrawn and defendant moved for return of his bond money.  The State also granted defendant a recognizance bond, but in an attempt to remain in custody, defendant refused to sign the bond.  The court, however, granted the State's motion to release defendant on a recognizance bond and defendant was released.  Defendant's trial was set for January 14, 1974.  The trial court denied defendant's motion for discharge on the basis of the 120-day rule.  
Daily
, 30 Ill. App. 3d at 415, 332 N.E.2d at 147.

Under these facts, the court concluded the time defendant was incarcerated on a parole hold as a direct result of an arrest for armed robbery did 
not
 count toward the 120-day term.  
Daily
, 30 Ill. App. 3d at 415, 332 N.E.2d at 148.  We recognized that to be discharged under the 120-day rule, a defendant must have been "in custody in connection with the charge for which he was subsequently tried."  
Daily
, 30 Ill. App. 3d at 415, 32 N.E.2d at 147.  We found the parole warrant and the armed robbery charge were "closely intertwined" but they were not interchangeable.  The court determined because defendant was technically free on bond from the armed robbery charge when the parole warrant was withdrawn, the 120-day term did not begin to run until he asked for and received the return of his bond money from the original arrest charges.  Therefore, the court concluded defendant's detention on the parole warrant did not trigger the 120-day rule.  
Daily
 30 Ill. App. 3d at 415, 32 N.E.2d at 148.  

The factual differences between 
Daily
 and the present case are significant.  In the present case, the defendant did not post bond on the original charges and, therefore, was never released from custody.  Further, even though the State agreed to a recognizance bond for defendant when it refiled the charges the same day it nol-prossed the original charges, defendant remained in 
continuous
 custody as a direct result of his February 1, 2000, arrest.  In contrast, the defendant in 
Daily
 posted bond on the armed robbery charges and was free when he was arrested and taken back into custody on the parole warrant.  We also note in 
Daily
, after being held in custody on the parole warrant for approximately 97 days, and defendant was again released because he was still 
free
 
on
 
bond
 from the armed robbery charge and the warrant was withdrawn.  
Daily
, 30 Ill. App. 3d at 414-15, 332 N.E.2d at 147.   

We find the current case is very similar to 
Burchfield
, one of the cases cited by defendant.  Initially, we note in 
Burchfield
, the Third District found our decision in 
Daily
 was inconsistent with the prior Illinois Supreme Court ruling in 
Patheal
.  In 
Patheal
, nearly four months after being arrested and held in custody in Coles County on an armed robbery charge, the defendant was released into the custody of DOC for violating his parole.  Defendant was eventually taken back into custody in Coles County, where, well after the statutory speedy-trial period had run, he stood trial on the armed robbery charges.  On appeal, the State argued defendant was not in custody on the armed robbery charge until he was returned to Coles County 
after
 being released from  DOC, and therefore, the speedy-trial term did not commence until that time.  The supreme court refused to divide the time defendant spent in custody in Coles County and DOC into two separate periods and stated:

"Fiction would supplant fact if we were to say that this entire period of confinement, just nine days short of the statutory four months, is to be disregarded on the ground that Coles County had no legal authority to put the defendant in jail because he was technically within the custody of the Department of Public Safety.  The constitutional right to a speedy trial does not depend upon such technicalities."  
Patheal
, 27 Ill. 2d  at 271, 189 N.E.2d at 310.

Even though the 
Burchfield
 court noted its disagreement with our decision in 
Daily
, we conclude the factual differences between 
Patheal
 and 
Daily
 warranted our decision in 
Daily
.  As previously discussed, the defendant in 
Daily
 was not in continuous custody, and he was free on bond on the original charges until he asked for the return of his bond money.  Due to these important factual differences and because the facts before the court in 
Burchfield
 were more similar to 
Patheal
 than to 
Daily
, the 
Burchfield
 court correctly declined to follow our decision in 
Daily
.   However, we do not agree with the Third District's assessment of our holding in 
Daily
 as being "inconsistent" with 
Patheal
.  
Burchfield
, 62 Ill. App. 3d at 757, 379 N.E.2d at 377.  Nevertheless, as discussed below, the facts of the present case are dissimilar to those in 
Daily
 and similar to those in 
Burchfield
; and therefore, we find 
Burchfield
 controls.     In 
Burchfield
, defendant was arrested on September 1, 1977, for unlawful possession of a controlled substance.  Initially, defendant was unable to post bond, but the State later granted a personal recognizance bond on the unlawful possession charge.  However, defendant remained in custody due to the parole warrant.  On January 6, 1978, the trial court granted defendant's motion for discharge because he had been in custody over 120 days, and he was never actually released on bond.  
Burchfield
, 62 Ill. App. 3d at 755-56, 379 N.E.2d at 376.  The appellate court affirmed, holding where a defendant is in custody for a parole violation based upon the charge for which he is later to be tried, he must be brought to trial within the 120-day period.  
Burchfield
, 62 Ill. App. 3d at 756-57, 379 N.E.2d at 377. 

Burchfield
 is similar to the present case in that both defendants did not post bond on the original charges, and they remained in 
continuous
 
custody
 due to parole holds despite being granted recognizance bonds on the original arrest charges.  Therefore, we find under the specific facts of the present case, the State should have taken the necessary steps to bring defendant to trial within 120 days, and the 120-day period began when defendant was arrested 
and taken into custody on the original charges in No. 00-CF-52 on February 1, 2000.  

We further agree with defendant's argument the State's decision to nol-pros and refile the charges later the same day was an improper attempt to avoid the 120-day speedy-trial term, and therefore, the 
nolle
 
prosequi
 did not toll the speedy-trial term.  The State does not contest the fact that on May 22, 2000, it moved to nol-pros the charges 
only
 after the trial court denied its motion to continue defendant's trial to a date past the 120-day speedy-trial term.  On that day, defense counsel argued against the State's motion to nol-pros the charges because counsel believed the State was attempting to avoid statutory limitations.  Defense counsel again presented this argument during the October 2, 2000, motion for discharge, but the State did not respond to defendant's argument before the trial court on either occasion, nor does the State address this issue on appeal. 

In most situations, the State's decision to nol-pros charges against a defendant tolls the running of the statutory speedy-trial period because the pending charge is terminated and the refiling of the charge is the institution of a new proceeding.  
People v. Young
, 220 Ill. App. 3d 488, 495-96, 581 N.E.2d 241, 246 (1991), citing 
People v. Stinnett
, 166 Ill. App. 3d 1027, 1028, 520 N.E.2d 1204, 1204 (1988) (Fourth District).  In both 
Young
 and 
Stinnet
, the courts stated because no charges were pending and because defendants were released from bond after the State nol-prossed the charges, the speedy-trial provision did not apply.

However, a 
nolle
 
prosequi
 will 
not
 toll the statutory speedy-trial period if the State uses it to cause delay or to avoid statutory limitations.  
In re A.F.
, 282 Ill. App. 3d 930, 932, 668 N.E.2d 1168, 1170 (1996), citing 
People v. Decatur
, 191 Ill. App. 3d 1034, 1038, 548 N.E.2d 509, 512 (1989).  Thus, our inquiry is whether the State abused its power to use the 
nolle
 
prosequi
 and whether the refiling of the charge was "vexatious, repetitious[,] or employed to manipulate the proceedings in order to evade or frustrate the purpose of the speedy-trial statute." 
 
Decatur
, 191 Ill. App. 3d at 1038, 548 N.E.2d at 512.  In these cases, the courts found no abuse of power because no evidence showed the State was attempting to either gain a tactical advantage over the defendants or frustrate defendants' right to a speedy trial.  
A.F.
, 282 Ill. App. 3d at 933, 668 N.E.2d at 1170 (State nol-prossed charges because police witnesses were unavailable); 
Decatur
, 191 Ill. App. 3d at 1038, 548 N.E.2d at 512 (State nol-prossed charges because laboratory analysis was incomplete).  It is also important to note the defendants
 in these cases were released from custody after the State nol- prossed the charges.

In the present case, there is no doubt the State's motive in moving for a 
nolle
 
prosequi
 and refiling the charges was to avoid the running of the 120-day speedy-trial period.  The State requested a continuance, but defendant objected because he had been in custody for nearly 120 days.  Only after the trial court denied the State's motion to continue the trial to a date past defendant's 120-day term did the State moved to nol-pros the charges.  The State even admitted it intended to simply refile the charges later the same day, which it did, thus averting the 120-day term.  The State did not indicate any other reason for its motion, such as problems locating witnesses or obtaining lab results or other necessary evidence.  Further, despite defendant's recognizance bond on the refiled charges, defendant remained in 
continuous
 custody due to the parole hold after the State nol-prossed the charges and before it refiled new charges a few hours later.  Under these facts, we find no other explanation for the State's ruse other than a blatant attempt to avert the running of the 120-day speedy-trial period.  Therefore, we find the 
nolle
 
prosequi
 did not toll defendant's speedy-trial period.

In sum, we affirm the trial court's order granting defendant's motion for discharge for two reasons.  First, on the record before us, defendant's 120-day speedy-trial term commenced on February 1, 2000, the date defendant was arrested and taken into custody, and the State failed to bring him to trial within 120 days.  Second, the State's improper entry of a 
nolle
 
prosequi
 on the original charges and its refiling of the charges on the same day did not toll the running of defendant's 120-day speedy- trial term.  Therefore, defendant remained in custody for 245 days, well beyond the 120-day term, before the State brought him to trial on October 2, 2000.

B. 
Motion
 
To
 
Continue

During the trial court proceedings on October 2, 2000, the State made a motion to continue when defendant presented his motion for discharge.  The State asserted it needed more time to research the issue.  The trial court denied the State's request. On appeal, the State argues the trial court abused its discretion when it denied the State's motion.

A trial court's decision to grant or deny a motion to continue is a discretionary matter, and this court will not set aside the trial court's determination unless it amounts to an abuse of discretion.  
People v. Brown
, 92 Ill. 2d 248, 258, 442 N.E.2d 136, 141 (1982).  An accused is entitled to discharge if his trial begins more than 120 days after he was placed in custody, and a defendant in such a position is entitled to discharge 
on
 
the
 
day
 
of
 
his
 
scheduled
 
trial
.  
People v. Ladd
, 294 Ill. App. 3d 928, 935, 691 N.E.2d 896, 903 (1998) (citing 
People v. McDonald
, 168 Ill. 2d 420, 438-39, 660 N.E.2d 832, 839 (1995)), 
aff'd
, 185 Ill. 2d 602, 708 N.E.2d 359 (1999).

In the present case, the trial court took a recess to allow the State to perform some research and formulate a response to defendant's motion.  Further, the State was on notice defendant intended to file a motion for discharge since the May 22, 2000, hearing when defense counsel announced his intentions in open court.  Finally, defendant's motion for discharge was heard on the date of his scheduled trial, and he was 
entitled
 to be discharged on that date if the motion was successful.  Accordingly, the trial court did not abuse its discretion when it denied the State's motion to continue.

III. CONCLUSION

We affirm the trial court's order granting defendant's motion for discharge.

Affirmed.

McCULLOUGH, P.J., and STEIGMANN, J., concur.