NO. 4-05-0401          Filed: 7/14/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Macon County |
| ALPHONZO KING, JR., | ) | No. 04CF1116 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Theodore E. Paine, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE TURNER delivered the opinion of the court:

On September 15, 2004, the police made a warrantless arrest of defendant, Alphonzo King, Jr., and thereafter, the Illinois Department of Corrections (DOC) issued a parole-hold warrant for defendant. The next day, the State charged defendant with two counts of unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(2)(D), (c)(2) (West 2004)) and two counts of unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(D), (c) (West 2004)). The trial court set defendant's bail at $100,000, but defendant did not post bond. On March 29, 2005, the court entered a recognizance bond for defendant. However, defendant remained in jail on the parole-hold warrant. On April 21, 2005, defendant filed a motion to dismiss the charges based on a violation of the speedy-trial act (725 ILCS 5/103-5 (West 2004)). After a hear-

ing, the court granted defendant's motion and dismissed the charges.

The State appeals, arguing the trial court should not have dismissed the charges because (1) the intrastate detainers statute (730 ILCS 5/3-8-10 (West 2004)) applied to defendant because he was being held on a parole-hold warrant; and (2) if the intrastate detainers statute did not apply when he first made his speedy-trial demand, it applied when the court released him on a recognizance bond on the pending charges; and (3) defendant's release on the recognizance bond before the 120-day term had expired restarted the speedy-trial term at zero. We reverse and remand.

## I. BACKGROUND

On September 15, 2004, the police arrested defendant after executing a search warrant for an apartment and finding some cocaine weighing between one and five grams near defendant. The police discovered 50 additional grams of crack cocaine and more than 900 grams of powder cocaine in other areas of the apartment.

On September 16, 2004, the State charged defendant as stated, and the trial court set bail at $100,000. A pretrial bond report filed that same day indicated DOC had issued a parole-hold warrant. DOC had released defendant on parole on December 3, 2003, and was to discharge him on January 10, 2005.

Defendant did not post bond.

On December 27, 2004, February 10, 2005, and March 29, 2005, the State made requests for a continuance, and defendant objected and made a trial demand. Also, on March 29, 2005, the trial court released defendant on a recognizance bond, but he remained in jail on the parole-hold warrant.

On April 21, 2005, defendant filed a motion to dismiss the charges because of a speedy-trial violation. The next day, the trial court held a hearing on defendant's motion. On April 25, 2005, the court entered a docket entry allowing defendant's motion and making the following findings: (1) defendant had been in custody since September 15, 2004, for a total of 220 days as of April 22, 2005; (2) on March 29, 2005, the court authorized defendant's release on recognizance; (3) defendant was not released from custody on that date because DOC had issued a parole-hold warrant as a result of the charges in this case; (4) continuances from October 12, 2004, to December 27, 2004, and March 21, 2005, to March 28, 2005, were attributable to defendant for a total of 83 days; and (5) defendant was entitled to dis- charge based on People v. Burchfield, 62 Ill. App. 3d 754, 379 N.E.2d 375 (1978), which was approved in People v. Hillsman, 329 Ill. App. 3d 1110, 769 N.E.2d 1100 (2002). This appeal followed.

## II. ANALYSIS

Generally, a reviewing court considers a trial court's

- 3 -

ultimate ruling on a motion to dismiss charges under an abuse-of-discretion standard, but where the issues present purely legal questions, the standard of review is de novo.  See People v. Brener, 357 Ill. App. 3d 868, 870, 830 N.E.2d 692, 693-94 (2005).  Here, the State only raises legal questions, and thus we review the issues de novo.

### A. Intrastate Detainers Statute

The State first asserts the intrastate detainers statute (730 ILCS 5/3-8-10 (West 2004)) was the controlling speedy-trial provision, not subsection (a) of the speedy-trial act (725 ILCS 5/103-5(a) (West 2004)).

As recently noted by our supreme court, the Illinois legislature has enacted three principal speedy-trial statutes.  See People v. Wooddell, 219 Ill. 2d 166, 174, 847 N.E.2d 117, 122 (2006).  First, subsection (a) of the speedy-trial act (725 ILCS 5/103-5(a) (West 2004)) provides an automatic 120-day speedy-trial right for persons held in custody on the pending charge and does not require such persons to file a demand to exercise that right.  However, delay caused by the defendant is excluded from the 120-day period, and delay is considered agreed to by defendant unless he or she objects to the delay by making an oral or written demand for trial.  725 ILCS 5/103-5(a) (West 2004).  Second, subsection (b) of the speedy-trial act (725 ILCS 5/103-5(b) (West 2004)) contains a 160-day speedy-trial right for

- 4 -

persons released on bond or recognizance, and this period begins to run only when the accused files a written speedy-trial demand. Third, the intrastate detainers statute (730 ILCS 5/3-8-10 (West 2004)) applies the speedy-trial right contained in subsection (b) of the speedy-trial act (725 ILCS 5/103-5(b) (West 2004)) to persons committed to DOC who have charges pending. Our supreme court has indicated a defendant is subject to the speedy-trial statute that applies when he or she makes the speedy-trial demand. Wooddell, 219 Ill. 2d at 179, 847 N.E.2d at 124.

Here, the State asserts the intrastate detainers statute applied when defendant made his demand and was the controlling speedy-trial statute. At the time of defendant's December 27, 2004, oral trial demand, defendant was in jail on the pending charges in this case and DOC's parole-hold warrant based on the pending criminal charges. The cases upon which the trial court relied, Burchfield, 62 Ill. App. 3d 754, 379 N.E.2d 375, and Hillsman, 329 Ill. App. 3d 1110, 769 N.E.2d 1100, do not address the applicability of the intrastate detainers statute. Thus, we address whether the intrastate detainers statute applies to a defendant in jail on a DOC parole-hold warrant based on pending charges for which he is also in jail. This issue presents a question of statutory interpretation.

Statutory construction's fundamental rule requires courts to ascertain and give effect to the legislature's intent.

Thus, courts must consider the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it. Wooddell, 219 Ill. 2d at 170, 847 N.E.2d at 120. The statutory language provides the best indication of legislative intent, and therefore, courts give the language its plain and ordinary meaning. Wooddell, 219 Ill. 2d at 170-71, 847 N.E.2d at 120. When the statute's language is clear and unambiguous, a court must apply the statute without resort to further statutory-construction aids. Wooddell, 219 Ill. 2d at 171, 847 N.E.2d at 120.

The intrastate detainers statute provides as follows:

"Except for persons sentenced to death, subsection[s] (b), (c)[,] and (e) of [s]ection 103-5 of the Code of Criminal Procedure of 1963 [(725 ILCS 5/103-5(b), (c), (e) (West 2004))] shall also apply to persons committed to any institution or facility or program of the Illinois [DOC] who have untried complaints, charges[,] or indictments pending in any county of this [s]tate, and such person shall include in the demand under subsection (b), a statement of the place of present commitment, the term, and length of the remaining term, the charges pending

against him or her to be tried and the county
of the charges, and the demand shall be ad-
dressed to the [S]tate's [A]ttorney of the
county where he or she is charged with a copy
to the clerk of that court and a copy to the
chief administrative officer of the [DOC]
institution or facility to which he or she is
committed.  The [S]tate's [A]ttorney shall
then procure the presence of the defendant
for trial in his county by habeas corpus.
Additional time may be granted by the court
for the process of bringing and serving an
order of habeas corpus ad prosequendum.  In
the event that the person is not brought to
trial within the allotted time, then the
charge for which he or she has requested a
speedy trial shall be dismissed."  730 ILCS
5/3-8-10 (West 2004).

Thus, in determining whether the intrastate detainers statute
applies to a defendant, the only question is whether the defen-
dant was "committed to [an] institution or facility or program of
the Illinois [DOC]" when the defendant made the trial demand.
730 ILCS 5/3-8-10 (West 2004); see also Wooddell, 219 Ill. 2d at
179, 847 N.E.2d at 124.

Section 3-1-2(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-1-2(b) (West 2004)) defines "'[c]ommitment'" as "a judicially determined placement in the custody of [DOC] on the basis of delinquency or conviction." Under section 3-14-2(a) of the Unified Code (730 ILCS 5/3-14-2(a) (West 2004)), DOC retains custody of all persons placed on parole or mandatory supervised release. Further, section 3-1-2(g) of the Unified Code states "'[d]ischarge'" is "the final termination of a commitment to the [DOC]." 730 ILCS 5/3-1-2(g) (West 2004). "'Discharge' does not include release on *** mandatory release or parole release." 730 Ill. Ann. Stat. 5/3-1-2(g), Council Commentary-1973, at 11 (Smith-Hurd 1997). In this case, defendant was in the county jail on a parole-hold warrant for violating his mandatory supervised release when he made his first oral trial demand. Thus, based on the plain language of the statute, we conclude defendant was committed to DOC at the time of his speedy-trial demand.

However, the intrastate detainers statute states the person must be committed to an "institution or facility or program" of DOC. 730 ILCS 5/3-8-10 (West 2004). The State contends that in this case, the Macon County jail was such an institution or facility. In support of its argument, the State cites People v. Davis, 92 Ill. App. 3d 869, 873, 416 N.E.2d 85, 87 (1981), where the Second District found the intrastate

detainers statute applied to a person incarcerated in a county correctional facility. There, the circuit court had committed the defendant to 364 days' in DOC, but she served the term in a county facility. Davis, 92 Ill. App. 3d at 870-71, 416 N.E.2d at 85-86. In reaching its conclusion, the court noted DOC was authorized to assign persons committed to it for service of sentence (see Ill. Rev. Stat. 1979, ch. 38, pars. 1003-1-2(b), (c), 1003-2-2), and the defendant did not assert she was not so assigned to the county facility. Davis, 92 Ill. App. 3d at 873, 416 N.E.2d at 87.

Here, defendant does not argue we should not follow Davis in this case where he remained in county jail on his parole-hold warrant. As the defendant in Davis, defendant was committed to DOC, and DOC had the authority to assign him to an institution (see 730 ILCS 5/3-2-2(b) (West 2004)). On a motion to dismiss based on a speedy-trial violation, the defendant bears the burden of proof. People v. Childress, 321 Ill. App. 3d 13, 20, 746 N.E.2d 783, 790 (2001). As in Davis, defendant did not present any evidence that his remaining in county jail was not the result of a DOC assignment.

Additionally, section 3-1-2(d) of the Unified Code (730 ILCS 5/3-1-2(d) (West 2004)) defines "'[c]orrectional [i]nstitution or [f]acility'" as "any building or part of a building where committed persons are kept in a secured manner."

- 9 -

A "'[c]ommitted [p]erson'" is "a person committed to the [DOC]."
730 ILCS 5/3-1-2(c) (West 2004).  Here, defendant was a person
committed to DOC and kept in a secured manner.

Accordingly, we conclude that, since DOC essentially
had authority over defendant no matter where he was held, the
county jail was the equivalent of a DOC institution or facility
under these circumstances.  Thus, the intrastate detainers
statute was the applicable speedy-trial provision.

The intrastate detainers statute applies subsection (b)
of the speedy-trial act (725 ILCS 5/103-5(b) (West 2004)), which
requires a written trial demand.  Since defendant's December 2004
oral trial demand did not comply with the intrastate detainers
statute, no speedy-trial violation occurred.

Defendant insists we must follow the Third District's
Burchfield and our Hillsman.  However, in Hillsman, we expressly
declined to analyze the State's intrastate-detainers-statute
argument because the State failed to raise it in the trial court.
Hillsman, 329 Ill. App. 3d at 1113-14, 769 N.E.2d at 1103.
Moreover, the Burchfield court also never addressed the applica-
bility of the intrastate detainers statute, and the Third Dis-
trict declined to follow it in People v. Lykes, 124 Ill. App. 3d
604, 607, 464 N.E.2d 849, 852 (1984), for that very reason.

We note our decision follows Lykes, where the Third
District found the intrastate detainers statute was the appropri-

ate speedy-trial provision. <u>Lykes</u>, 124 Ill. App. 3d at 607-08, 464 N.E.2d at 852-53. In that case, the defendant had been arrested and held in county jail for seven days. <u>Lykes</u>, 124 Ill. App. 3d at 605, 464 N.E.2d at 850. DOC then transferred the defendant because of a supervised-release violation based on the pending criminal charges. <u>Lykes</u>, 124 Ill. App. 3d at 605, 464 N.E.2d at 850. The defendant made his speedy-trial demand after his transfer, and the violation charge was not adjudicated until after he was convicted on the criminal charges. <u>Lykes</u>, 124 Ill. App. 3d at 605, 464 N.E.2d at 850-51. The <u>Lykes</u> court found that upon his transfer to DOC, the defendant was a person committed to DOC with charges pending against him. <u>Lykes</u>, 124 Ill. App. 3d at 608, 464 N.E.2d at 853. To treat defendants charged with parole violations that DOC has assigned to a county jail facility different than those assigned to a state penitentiary would yield an absurd result. See <u>Chatham Foot Specialists, P.C. v. Health Care Service Corp.</u>, 216 Ill. 2d 366, 396, 837 N.E.2d 48, 66 (2005) (stating courts do "not interpret a statute so as to achieve an absurd result"). Defendants housed in either location do not endure a loss of liberty while awaiting trial on the criminal charges due to the mandatory-supervised-release violations. See <u>Wooddell</u>, 219 Ill. 2d at 174, 847 N.E.2d at 122 (explaining the reasons behind the demand requirement and 160-day speedy-trial period of the intrastate detainers statute).

Since we have found the intrastate detainers statute applied when defendant first made his trial demand, we need not address the State's other arguments.

### III. CONCLUSION

For the reason stated, we reverse the trial court's dismissal of defendant's charges and remand for further proceedings.

Reversed and remanded.

MYERSCOUGH and KNECHT, JJ., concur.